**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

SHENZHEN KEBAN WANGYAN TRADING CO.,
LTD,

                                    Plaintiff,              **22-cv-02592-JS-AYS**

                    -against-
                                                          **MOTION FOR**
                                                          **DEFAULT JUDGMENT**

TIM MEI TRADE & INVESTMENT LIMITED,

                                    Defendant.

-------------------------------------------------------------X

# TABLE OF CONTENTS

I. INTRODUACTION .................................................................................................................. 1

    a) Case Background & Procedure History .......................................................................... 1

II. ARGUMENT ........................................................................................................................... 3

    a) Jurisdiction and Venue are Proper in this Court ............................................................ 3

b) Plaintiff has Met the Requirements For Entry of Default Judgment ............................... 4

III. DISCUSSION ........................................................................................................................ 5

    a) Declare Defendant's Copyright Registration is Invalid ................................................. 5

    b) Declare that Plaintiff's Product Does Not Infringe Defendant's Copyright .................. 8

        i. It is impossible for Plaintiff to copy Defendant's copyright ..................................... 8

        ii. Defendant's copyright lacks originality .................................................................. 8

    c) Tortious Interference with Contractual Relationship .................................................. 11

    d) Tortious Interference with Prospective Economic Advantage .................................... 12

IV. CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Abdin v. CBS Broad., Inc.*,
971 F.3d 57, 69 n.5 (2d Cir. 2020)................................................................9

*Acuff-Rose Music, Inc. v. Jostens, Inc.*,
155 F.3d 140, 143 (2d Cir. 1998)................................................................9

*AIM Int'l Trading, L.L.C. v. Valcucine S.p.A.*,
No. 02-CV-1363, 2003 U.S. Dist. LEXIS 8594, 2003 WL 21203503, *7 (S.D.N.Y. May 22, 2003)................................................................13

*Carvel Corp. v. Noonan*,
3 N.Y.3d 182, 190, 818 N.E.2d 1100, 785 N.Y.S.2d 359 (2004)................................13

*Casa Duse, LLC v. Merkin*,
No. 12-CV-3492, 2013 U.S. Dist. LEXIS 143958, 2013 WL 5510770, at *11 (S.D.N.Y. Sept. 27, 2013)................................................................10

*City Of New York v. Mickalis Pawn Shop, LLC*,
645 F.3d 114, 137 (2d Cir. 2011)................................................................4

*Credit Lyonnais Securities (USA), Inc. v. Alcantara*,
183 F.3d 151, 155 (2d Cir. 1999)................................................................5

*Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*,
342 F.3d 149, 166 (2d Cir. 2003)................................................................10

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)................................8,9

*Finkel v. Romanowicz*,
577 F.3d 79, 84 (2d Cir. 2009)................................................................4,5

*Fonar Corp. v. Domenick*,
105 F.3d 99, 104 (2d Cir. 1997)................................................................10

*Fustok v. ContiCommodity Services, Inc.*,
873 F.2d 38, 40 (2d Cir. 1989)................................................................5

*Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*,
780 F.2d 189, 192 (2d Cir. 1985)................................................................6

*Hamil Am., Inc. v. GFI*,

193 F.3d 92, 98 (2d Cir. 1999)..................................................................................................10

*Jetmax Ltd. v. Big Lots, Inc.*,
No. 15-CV-9597, 2017 U.S. Dist. LEXIS 138041,  2017 WL 3726756, at *4 (S.D.N.Y. Aug. 28, 2017)......................................................................................................................................
........7

*Jorgensen v. Epic/Sony Recs.*,
351 F.3d 46, 51 (2d Cir. 2003)....................................................................................................8

*King-Devick Test Inc. v. Nyu Langone Hosps.*,
No. 17-CV-9307, 2019 U.S. Dist. LEXIS 449, 2019 WL 78986, at *4 (S.D.N.Y. Jan. 2, 2019)......................................................................................................................................9,10

 *Lama Holding Co. v. Smith Barney*,
88 N.Y.2d 413, 424, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996)..................................................11

*LEGO A/S v. Best-Lock Constr. Toys, Inc.*,
404 F. Supp. 3d 583, 611 (D. Conn. 2019).................................................................................6

*Mackenzie Architects, PC v. VLG Real Estates Developers, LLC*,
No. 16-CV-1105, 2016 U.S. Dist. LEXIS 121269, 2016 WL 4703736, at *13 (Sept. 8, 2016)...10

*PPX Enter., Inc. v. Audio Fidelity Enter., Inc.*,
818 F.2d 266, 269 (2d Cir. 1987)..............................................................................................12

*Purgess v. Sharrock*,
33 F.3d 134, 141 (2d Cir. 1994).................................................................................................12

*RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*,
No. 12-CV-1369, 2013 U.S. Dist. LEXIS 55804, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013)*R. & R. adopted*, 2013 U.S. Dist. LEXIS 120508, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).........................................................................................................................................5

*Scholz Design, Inc. v. Sard Custom Homes, LLC*,
691 F.3d 182, 186 (2d Cir. 2012)..............................................................................................10

*Shld, LLC v. Hall*,
No. 15-CV-6225, 2017 WL 1428864, at *3 (S.D.N.Y. Apr. 20, 2017)...........................................5

*Star Athletica L.L.C. v. Varsity Brands, Inc.*,
*580 U.S.*, 137 S. Ct. 1002, 1007, 197 L. Ed. 2d 354 (Mar. 22, 2017)......................................6,7,8

*Tamarin v. Adam Caterers, Inc.*,
13 F.3d 51, 54 (2d Cir. 1993).....................................................................................................5

*Tiffany (NJ) Inc. v. Luban*,
282 F. Supp.2d 123, 124 (S.D.N.Y. 2003)...................................................................5

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*,
109 F.3d 105, 111 (2d Cir. 1997)...................................................................5

*Unicorn Crowdfunding, Inc. v. New St. Enter., Inc.*,
507 F. Supp. 3d 547, 566 (S.D.N.Y. 2020)...................................................................13

*Urbont v. Sony Music Ent.*,
831 F.3d 80, 88-89 (2d Cir. 2016)...................................................................9,10

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*,
455 Fed. Appx. 102, 104 (2d Cir. 2012)...................................................................11

*Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*,
890 F. Supp. 2d 398, 403 (S.D.N.Y. 2012)...................................................................6

*Walpert v. Jaffrey*,
127 F. Supp.3d 105, 129 (S.D.N.Y. 2015)...................................................................4

*Yurman Design, Inc. v. PAJ, Inc.*,
262 F.3d 101, 109 (2d Cir. 2001)...................................................................9

**STATUTES**

17 U.S.C.§ 101...................................................................3,6

17 U.S.C. § 102(a)...................................................................6,9

17 U.S.C. § 410(c)...................................................................9

28 U.S.C. § 1331...................................................................3

28 U.S.C. § 1338(a)...................................................................3

28 U.S.C. § 1391...................................................................4

28 U.S.C.§ 2201...................................................................3,6

28 U.S.C.§ 2202...................................................................3

**RULES**

N.Y.C.P.L.R. § 302(a)(1)............................................................................................................3

N.Y.C.P.L.R. § 302(a)(3)............................................................................................................3

Fed. R. Civ. P. 4(k)....................................................................................................................3

Fed. R. Civ. P. 54(c)..................................................................................................................5

## I.    INTRODUACTION

### a)  Case Background & Procedure History

Plaintiff, Shenzhen Keban Wangyan Trading Co., Ltd[1] ("Wangyan" or "Plaintiff") is in the business of selling toys through third-party vendor Amazon. Toys sold by Plaintiff include child swing seat, Rocket Launcher, Cheese Board Set, Cotton Water Balls, Splash Sprinkler and Swimming Float. On April 13, 2022, Plaintiff received an email from Amazon. The title was "Notice: Policy Warning." *See* Ex. A. That Notice informed Plaintiff that its Float Tub Product infringed Swimline's copyright. In that Notice, Amazon provided Plaintiff with the Rights Owner's name and contact info: SWIMLINE, delish.nyc@outlook.com and the Rights Owner's Copyright Registration Number: VA 2-267-580 ("Asserted Copyright"). *See* Ex. B. At the same time, Plaintiff's listing was removed by Amazon.

On April 14, 2022, Plaintiff received an email from Caroline Dombroski who claimed to be a Swimline employee. Ms. Dombroski stated that Plaintiff has infringed Swimline's intellectual property. Swimline also indicated that it will withdraw its false Complaint if Plaintiff agrees to pay $6,000 "ransom" as "distribution fee."



This is a malicious Copyright infringement Complaint. Plaintiff started selling this product before the registration of the Asserted Copyright. Also, the Asserted Copyright is invalid because it registered "floating tub", an useful article with no artistic value. There was no merit

---

[1] d/b/a "Skyfh" https://www.amazon.com/s?me=A151I01CGBSOC5&marketplaceID=ATVPDKIKX0DER

for such Copyright Infringement Complaint, the only purpose is to disrupt and destroy Plaintiff's business operation.

Since Amazon is the world's largest online retailer. It provides often times the only platform for businesses like Plaintiff to reach consumers. Foreign Defendant exploits an invalid and unenforceable U.S. copyright, and loopholes in Amazon's IP enforcement procedure.

Plaintiff's listing removal results in significant loss of revenue, Amazon reviews, Amazon rankings, reputation and customer goodwill. Plaintiff faces an imminent threat that its respective Amazon selling accounts could be deactivated at any time. This would lead to continued loss of revenue, loss of Amazon rankings and reviews, damage to Plaintiff's reputation and loss of customer goodwill.

Defendant acted wantonly and maliciously, with the intent to harm Plaintiff and interfere with its business and contractual relations with both Amazon and its customers, actual and potential. Due to Amazon's refusal and/or inability to resolve these issues permanently, Plaintiff has been forced to file an action to address Defendant's intentional, and malicious conduct.

On May 6, 2022, Plaintiff brought this lawsuit against NY Corporation Swimline Corp., which Plaintiff thought to be the right Defendant. Plaintiff served the Complaint and Summons to Swimline on May 6, 2022. *See* Exhibit C. On May 15, 2022, Plaintiff received an email from Shelby Schwimmer, an Swimline employee. Ms. Schwimmer stated that Swimline never filed any copyright infringement complaint with Amazon and Swimline does not have any employee by the name of Caroline Dombroski. To prove her statement, Ms. Schwimmer further provided a list of all email addresses of company employees, which all ended with @swimlinecorp.com.

As a result, Plaintiff filed a Motion for Limited Discovery on June 6, 2022. Plaintiff sought leave of Court to serve a Rule 45 subpoena on Amazon. Nearly two month later, Amazon

provided registration information of the Malicious Copyright Infringement Complaint initiator, who turned out to be a Hong Kong company, Tim Mei Trade & Investment Limited[2] ("Foreign Defendant"). *See* Exhibit D. Plaintiff then filed a Notice of Voluntary Dismissal, dismissing Swimline Corp. and filed an Amended Complaint, adding Tim Mei Trade & Investment Limited as Defendant.

Plaintiff then respectfully request an order authorizing service of process and service of all filings on the Defendant via email, Dkt. No. 16, which was later granted on September 15, 2022. Plaintiff served the Defendant through email address: delish.nyc@outlook.com on October 5, 2022. *See* Exhibit E. Defendant failed to file an answer on or before answer due date, October 26, 2022. Plaintiff then filed request for certificate of Default on November 21, 2022. Clerk entered default against Defendant on November 21, 2022. Now Plaintiff files this motion for default judgment.

## II.    ARGUMENT

### a)   Jurisdiction and Venue are Proper in this Court

This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C.§§ 2201-2202, and the Copyright Act, 17 U.S.C.§§ 101 *et seq*.

Personal jurisdiction exists over Defendant in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in New York, and/or derives substantial revenue from its business transactions in New York and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend

---

[2] d/b/a Float Joy   https://www.amazon.com/s?me=A6A3DR8O1BZL7&marketplaceID=ATVPDKIKX0DER

traditional notions of fair play and due process, and/or Defendant's illegal infringing actions caused injury to Plaintiff in New York such that Defendant should reasonably expect such actions to have consequences in New York.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including New York, through at least the fully interactive, e-commerce stores operating under the Seller Aliases. Specifically, Defendant has targeted sales to New York residents by setting up and operating e-commerce store that targets United States consumers, offers shipping to the United States, including New York, accepts payment in U.S. dollars and has sold products to residents of New York. Defendant is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of New York.

### b)   Plaintiff has Met the Requirements For Entry of Default Judgment

When a defendant defaults, all well-plead facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. *City Of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint") (internal quotations marks omitted);   *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (trial court is "required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor"). "This principle applies regardless of whether default is entered as a discovery sanction or for failure to defend." *Walpert v. Jaffrey*, 127 F. Supp.3d 105, 129 (S.D.N.Y. 2015) (internal quotation marks omitted). The court may also rely on factual allegations pertaining to liability contained in affidavits and declarations submitted by the

plaintiff. *See, e.g., Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Nonetheless, the court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *Shld, LLC v. Hall*, No. 15-CV-6225, 2017 WL 1428864, at *3 (S.D.N.Y. Apr. 20, 2017) (internal quotation marks omitted); *see Finkel*, 577 F.3d at 84.

Once liability is determined, the plaintiff bears the burden of establishing an amount of damages with reasonable certainty. *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369, 2013 U.S. Dist. LEXIS 55804, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (collecting cases), *R. & R. adopted*, 2013 U.S. Dist. LEXIS 120508, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). The court is charged with "determining the proper rule for calculating damages ... and assessing plaintiff's evidence supporting the damages." *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp.2d 123, 124 (S.D.N.Y. 2003) *(quoting Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The damages award on a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In determining damages after default judgment, the Court need not hold a hearing and may rely on affidavits, documentary evidence, and other evidence "as long as it ensured there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111.

## III.    DISCUSSION

### a)    Declare Defendant's Copyright Registration is Invalid

"The Declaratory Judgment Act provides: In a case of actual controversy within its

jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc*., 890 F. Supp. 2d 398, 403 (S.D.N.Y. 2012) (quoting 28 U.S.C. § 2201(a)) (alteration in the original). Here, there is a controversy over the competing copyrights, as Defendant has sent takedown notices to Amazon, causing Plaintiff's selling privilege being revoked. Dkt. No. 11 at § 13.

"The Copyright Act of 1976 defines copyrightable subject matter as 'original works of authorship fixed in any tangible medium of expression.'" *Star Athletica L.L.C. v. Varsity Brands, Inc., 580 U.S.*, 137 S. Ct. 1002, 1007, 197 L. Ed. 2d 354 (Mar. 22, 2017) (*quoting* 17 U.S.C. § 102(a)). "'Works of authorship' include 'pictorial, graphic, and sculptural works,' which the statute defines to include 'two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans." Id. (first quoting 17 U.S.C. § 102(a)(5); and then quoting 17 U.S.C. § 101). In addition, a work of authorship is "'fixed' in a tangible medium of expression" when it is embodied in a "material objec[t] . . . from which the work can be perceived, reproduced, or otherwise communicated." *Id*. (*quoting* 17 U.S.C. § 101).

Although "'pictorial, graphic, and sculptural works' — including toys, see, e.g., *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985) — are eligible for copyright protection," *LEGO A/S v. Best-Lock Constr. Toys, Inc.*, 404 F. Supp. 3d 583, 611 (D. Conn. 2019) (*quoting* 17 U.S.C. § 102(a)(5)), "'pictorial, graphic, or sculptural features' of the 'design of a useful article' are eligible for copyright protection as artistic works [only] if those features '**can be identified separately from, and are capable of existing independently**

**of, the utilitarian aspects of the article**,'" *Star Athletica L.L.C.*, 580 U.S. at, 127 S. Ct. at 1007 (*quoting* 17 U.S.C. § 101); *Jetmax Ltd. v. Big Lots, Inc.,* No. 15-CV-9597, 2017 U.S. Dist. LEXIS 138041, 2017 WL 3726756, at *4 (S.D.N.Y. Aug. 28, 2017). "A useful article is defined as [an] 'article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information.'" *Jetmax Ltd.*, 2017 U.S. Dist. LEXIS 138041, 2017 WL 3726756, at *4 (quoting 17 U.S.C. § 101). "[A] feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two-or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work — either on its own or fixed in some other tangible medium of expression — if it were imagined separately from the useful article into which it is incorporated." Star Athletica L.L.C., 580 U.S. at  , 127 S. Ct. at 1007; *Jetmax Ltd*., 2017 U.S. Dist. LEXIS 138041, 2017 WL 3726756, at *5. **The first requirement — separate identification — is not onerous. The decisionmaker need only be able to look at the useful article and spot some two-or three-dimensional element that appears to have pictorial, graphic, or sculptural qualities.**" *Star Athletica L.L.C*., 580 U.S. at  , 127 S. Ct. at 1010; *Jetmax Ltd.*, 2017 U.S. Dist. LEXIS 138041, 2017 WL 3726756, at *6. "The independent-existence requirement is ordinarily more difficult to satisfy. The decisionmaker must determine that the separately identified feature has the capacity to exist apart from the utilitarian aspects of the article." *Star Athletica L.L.C.*, 580 U.S. at   , 127 S. Ct. at 1010; *Jetmax Ltd.*, 2017 U.S. Dist. LEXIS 138041, 2017 WL 3726756, at *6. "In other words, the feature must be able to exist as its own pictorial, graphic, or sculptural work as defined in § 101 once it is imagined apart from the useful article." *Star Athletica L.L.C.*, 580 U.S. at   , 127 S. Ct. at 1010. "If the feature is not capable of existing as a pictorial, graphic, or sculptural work once separated from

the useful article, then it was not a pictorial, graphic, or sculptural feature of that article, but rather one of its utilitarian aspects." *Id*.

The invalidity of Defendant's copyright registration is self-evident. The item in question, a floating bed, serves a utilitarian purpose and lacks any distinguishable pictorial or sculptural features. Ex. B. It is merely a single-colored object, making it ineligible for copyright protection. Defendant's copyright registration should be declared invalid. Dkt. No. 11, at ¶¶ 22-23.



**b)   Declare that Plaintiff's Product Does Not Infringe Defendant's Copyright**

   i.   <u>It is impossible for Plaintiff to copy Defendant's copyright</u>

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003) (*quoting Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

As stated in Plaintiff's Amended Complaint, the accused product was designed by Plaintiff itself on or before December 2020. Dkt. No. 11, ¶¶ 9-12; Luo Decl. at ¶ 10. However, Defendant's asserted copyright was published on May 21, 2021. Ex. B. Therefore, it is implausible for Plaintiff to have copied a work that was published six months later.

   ii.   <u>Defendant's copyright lacks originality</u>

"[T]o qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998) (*quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)); *see also* 17 U.S.C. § 102. "[T]he requisite level of creativity is extremely low; even a slight amount will suffice." *Feist Publ'ns, Inc.*, 499 U.S. at 345. "Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Id.* "The validity of the copyright 'depends upon originality.'" *Abdin v. CBS Broad., Inc.*, 971 F.3d 57, 69 n.5 (2d Cir. 2020) (*quoting Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 109 (2d Cir. 2001)). "A copyright is invalid only if the subject work shows no originality — that is, if the copyrighted work is in no way a 'distinguishable variation' on something already in the public domain." *Re-Alco Indus. v. Nat'l Ctr. For Health Educ*., 812 F. Supp. 387, 393 (S.D.N.Y. 1993) (*quoting Alfred Bell & Co.,* 191 F.2d at 102). At the motion to dismiss stage, "the question . . . is whether [the movant has] made sufficiently plausible allegations to justify the creation of an evidentiary record on the question of originality in the first place." *King-Devick Test Inc. v. Nyu Langone Hosps.*, No. 17-CV-9307, 2019 U.S. Dist. LEXIS 449, 2019 WL 78986, at *4 (S.D.N.Y. Jan. 2, 2019).

"Production of a certificate of registration made before or within five years after first publication of the work constitutes *prima facie* evidence of the validity of the copyright." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88-89 (2d Cir. 2016) (first citing 17 U.S.C. § 410(c); and then citing Hamil Am., Inc. v. GFI, 193 F.3d 92, 98 (2d Cir. 1999)). "While "[a] certificate

of copyright registration is *prima facie* evidence of ownership of a valid copyright, . . . **the alleged infringer may rebut that presumption**." *Mackenzie Architects, PC v. VLG Real Estates Developers, LLC*, No. 16-CV-1105, 2016 U.S. Dist. LEXIS 121269, 2016 WL 4703736, at *13 (Sept. 8, 2016) (alteration in original) (*quoting Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012)). "[T]he party challenging the validity of the copyright [registration] has the burden to prove the contrary." *Urbont*, 831 F.3d at 89 (*quoting Hamil Am., Inc.*, 193 F.3d at 98). "**That burden may be met by 'other evidence in the record [that] casts doubt on' the registration's validity.**" *Casa Duse, LLC v. Merkin*, No. 12-CV-3492, 2013 U.S. Dist. LEXIS 143958, 2013 WL 5510770, at *11 (S.D.N.Y. Sept. 27, 2013) (*quoting Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997)), aff'd in relevant part, 791 F.3d 247 (2d Cir. 2015); *see also Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 166 (2d Cir. 2003).

Plaintiff's amended complaint has included Plaintiff's product, which was designed in 2020 (Dkt. No. 11 at ¶¶ 9-12), along with Defendant's copyright. When juxtaposed, it becomes evident to any reasonable observer that Defendant's 2021 copyright (blue) is a direct replica of Plaintiff's 2020 product (pink).



Therefore, the Complaint and documents attached to it support a plausible inference that

Defendant's copyright lack the originality required to warrant copyright protection. *See King-Devick Test Inc*., 2019 U.S. Dist. LEXIS 449, 2019 WL 78986, at *4 (denying motion to dismiss counterclaim for declaration of copyright invalidity where the defendant alleged that the plaintiff's copyrighted eye-movement test was a "mere copy" of its predecessors, both the copyrighted test and one of its predecessors consisted of four cards that contained rows of single-digit numerals, the visual layout of parts of the copyrighted test bore a "strong resemblance" to the layout of parts of the predecessor test, and it was plausible that the copyrighted test's deviations were not independently created but rather were "lifted" from another predecessor).

Therefore, Plaintiff requests entry of judgment, declaring that Plaintiff's product does not infringe Defendant's copyright. Plaintiff's request is based on the fact that Plaintiff's product was designed six months before Defendant's copyright was created, and furthermore, Defendant's copyright is invalid as it is a direct copy of Plaintiff's product.

### c) Tortious Interference with Contractual Relationship

"[U]nder New York law, '[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom.'" *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 Fed. Appx. 102, 104 (2d Cir. 2012) (quoting *Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413, 424, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996)).

There is a valid and existing contract between Plaintiff and Amazon for Plaintiff to sell thier product throught Amazon.com. Dkt. No. 11 at ¶ 29. Defendant itself is a Amazon seller, so

Defendant knew about the contractual relationship between Plaintiff and Amazon. *Id.* at ¶ 29. Defendant knew by filing copyright complaint to Amazon against Plaintiff would result in Plaintiff's selling ASIN removed, yet Defendant did it anyway. *Id.* at ¶¶13-15.

What's even more egregious is that when Defendant filed the complaint, instead of using its real name, Defendant impersonated another legitimate company called Swimline. It was only after Plaintiff subpoenaed Amazon that Plaintiff was able to learn the real identity of this Defendant, a Hong Kong company operating the Amazon stores Delish NYC / Float Joy. Ex. D; Dkt. No. 11 at ¶ 3. Defendant's actions not only demonstrate malicious intent but also resulted in operational losses for Plaintiff and incurred legal expenses in uncovering Defendant's identity after litigation commenced.[3] Amazon, without further investigation, breached the contract between Amazon and Plaintiff by removing Plaintiff's selling ASIN, which ultimately caused financial losses for Plaintiff.

Defendant's actions constitute tortious interference with contractual relations under New York Common Law. Therefore, Plaintiff is entitled to equitable remedies and damages in the amount of 25,823.7 dollars. Luo Decl. at ¶8.

### d) Tortious Interference with Prospective Economic Advantage

"In order to state a claim for tortious interference with prospective economic advantage, a plaintiff must show (1) business relations with a third party; (2) defendants' interference with those business relations; (3) defendants acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the relationship." *Purgess v. Sharrock*, 33 F.3d 134, 141 (2d Cir. 1994) (citation omitted); *see also PPX Enter., Inc. v. Audio Fidelity Enter., Inc.*, 818 F.2d 266, 269 (2d Cir. 1987)). This claim may be pled as an alternative to a tortious interference with contract claim in the event that a court finds that the contract at

---

[3] Plaintiff has to file a motion for limited discovery and a motion for alternative service. Dkt. Nos. 10,16.

issue is unenforceable. *See AIM Int'l Trading, L.L.C. v. Valcucine S.p.A.*, No. 02-CV-1363, 2003 U.S. Dist. LEXIS 8594, 2003 WL 21203503, *7 (S.D.N.Y. May 22, 2003).

To establish tortious interference with business relations under New York law, "the plaintiff must show that defendant's conduct **was not "lawful" but "more culpable**." *Unicorn Crowdfunding, Inc. v. New St. Enter., Inc.*, 507 F. Supp. 3d 547, 566 (S.D.N.Y. 2020) (*quoting Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190, 818 N.E.2d 1100, 785 N.Y.S.2d 359 (2004)). Although 'as a general rule,' a defendant's conduct must amount to a 'crime or independent tort' to support liability for tortious interference with business relations, an exception to this rule '**has been recognized where a defendant engages in conduct for the sole purpose of inflicting intentional harm on plaintiffs' or employs 'wrongful means**.'" *Id*. (*quoting Carvel Corp.*, 3 N.Y.3d at 190, 192). "Even when a defendant's sole purpose was not to injure the plaintiff, New York courts have held that the use of 'wrongful means' can support a claim for tortious interference." *Id*. (*citing Carvel Corp.*, 3 N.Y.3d at 192). "Wrongful means 'include physical violence, **fraud or misrepresentation**, civil suits and criminal prosecutions, and some degrees of economic pressure.'" *Id*. (*quoting Carvel Corp.*, 3 N.Y.3d at 191).

As Plaintiff has already argued under Section c), there is a business relations between Plaintiff and third party Amazon, Defendant interfered this relationship by filing fraudulent copyright complaint using fake identity, and invalid copyright. Defendant's action has no legitimate purpose of protecting its copyright, but to harm Plaintiff by having Plaintiff's selling privilege revoked by Amazon, and Defendant's action hurt the relationship between Plaintiff and Amazon.  Dkt. No. 11 at ¶¶ 38-45.

Defendant's actions constitute tortious interference with prospective economic advantage under New York Common Law. Therefore, Plaintiff is entitled to equitable remedies and

13

damages in the amount of 25,823.7 dollars. Luo Decl. at  ¶8.

## IV.    CONCLUSION

For the forgoing reasons Plaintiff prays for judgment against Defendant as follows:

1.    For judgment in favor of Plaintiff against Defendant on all claims.

2.    Declaring that the Float Joy's Asserted Copyright, namely Copyright Registration Number: VA 2-267-580, is invalid and unenforceable.

3.    Declaring that Plaintiff's product does not infringe the Asserted Copyright.

4.    Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the Asserted Copyright against Plaintiff and Plaintiff's product.

5.    Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

6.    Awarding to Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

7.    Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

8.    Awarding to Plaintiff exemplary, punitive, statutory, and enhanced damages.

9.    Awarding pre- and post- judgment interest.

10.    Awarding Plaintiff such other and further relief as this Court deems is just and proper.

Date: March 7, 2024                                Respectfully Submitted


/s/ *Ruoting Men*
Ruoting Men, Esq.
Wei Wang
**GLACIER LAW LLP**
41 Madison Avenue, Ste. 2529
New York, NY 10010
Ruoting.men@glacier.law
Wei.wang@glacier.law
312-270-0413
***Attorneys for Plaintiff***


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2024, Plaintiff has served Plaintiff's Motion for

Default Judgment and accompanying exhibits, declaration on Defendant Tim Mei Trade &

Investment Limited through email:


Delish.nyc@outlook.com



/s/ *Ruoting Men*
Ruoting Men, Esq.
Wei Wang
**GLACIER LAW LLP**
41 Madison Avenue, Ste. 2529
New York, NY 10010
Ruoting.men@glacier.law
Wei.wang@glacier.law
312-270-0413
***Attorneys for Plaintiff***